IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYRONE BLOCKER,

        Plaintiff,          No. 3:14-cv-1822-HZ

    v.

HSBC BANK USA,          OPINION & ORDER

        Defendant.

Tyrone Blocker
12620 SE Cora St.
Portland, Oregon 97236

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se plaintiff Tyrone Blocker brings this action against HSBC Bank USA. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint.

STANDARDS

    A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

1- OPINION & ORDER

  (B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such
    relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

  As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

I. Allegations

  Plaintiff's Complaint includes (1) his name and address, (2) the name of Defendant without an address, (3) a marked checkbox indicating that the basis for federal court jurisdiction is "federal question," (4) the phrase "fraudulent action" written in support of the basis of federal jurisdiction, (5) a one sentence statement of the claim: "HSBC Bank USA did not have pecuniary interest to transfer note and trust deed for auction purposes," and (6) under the relief sought, a request for "1,000,000 dollars in damages."

2- OPINION & ORDER

II. Federal Rule of Civil Procedure 8

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" <u>Walsh v. Nev. Dep't of Human Resources</u>, 471 F.3d 1033, 1036 (9th Cir. 2006) (quotation omitted). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" <u>Id.</u> (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678 (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

Plaintiff fails to assert a "short and plain statement" of his claims. Plaintiff's one-sentence statement of his claim is so lacking in specific factual content that the Court cannot draw a reasonable inference that Defendant is liable for misconduct. Thus, the Complaint fails to state a claim under <u>Iqbal</u>.

III. Jurisdiction

3- OPINION & ORDER

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, Plaintiff must plead that Defendant has violated some constitutional or statutory provision.

In his Complaint, Plaintiff indicates that the basis for jurisdiction is "federal question" but he cites no federal constitutional, statutory, or treaty right at issue in the case. Plaintiff's statement, "fraudulent action," is insufficient for the Court to identify or infer which federal question Plaintiff asserts; an allegation merely of "fraudulent action" is not a federal question. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and must therefore dismiss the Complaint. See Fed.R.Civ.P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003).

IV. Motion to Appoint Counsel

Finally, Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is granted. Plaintiff's motion for appointment of counsel [3] is denied. Based on the foregoing, Plaintiff's Complaint [2] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

Dated this ___ day of ____, 2014

_____
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER